LAW OFFICES OF EDWARD P. MCNELIS          Attorney for Plaintiff
Stephen D. Rhoades, Esquire
Attorney ID 70002
21 East Broad Street
Hazleton, PA 18201
(570) 455-6335

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRIAN RUSSELL,** : | |
|     **Plaintiff** : | |
| **v.** : | **CIVIL ACTION NO.** |
| : | |
| **ALCOA, INC.,** : | **Electronically Filed** |
|     **Defendant** : | |
| : | |

### COMPLAINT

**AND NOW,** comes the Plaintiff, by his counsel, The Law Offices of Edward P. McNelis, and avers as follows:

### Parties

1.    The Plaintiff, Brian Russell, is an adult individual residing at 29 West Mahanoy Street, Mahanoy City, Schuylkill County, Pennsylvania.

2.    The Defendant, Alcoa, Inc., is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, with a principal place of business and corporate office at Alcoa Corporate Center, 201 Isabella Street, Pittsburgh, Pennsylvania 15212-5858.

### Jurisdiction

3.    This action is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and, therefore, this Court has jurisdiction over this case under 28 U.S.C. § 1331, as it presents a question arising under federal law.

**Factual Allegations**

4. In or about July, 1999, Plaintiff, Brian Russell, became employed by Defendant, Alcoa, Inc.

5. Plaintiff last worked for Defendant in August of 2003, at which time he became disabled and unable to work due to pain from a broken ankle and later due to Reflex Sympathetic Dystrophy (RSD), also known as Complex Regional Pain Syndrome (CRPS).

6. The Plaintiff was a participant in a group insurance policy issued by the Defendant, as Plaintiff's employer, consisting of a long term disability plan.

7. A true and correct copy of the insurance policy ("Plan") is in the possession of the Defendant. A copy of the document Plaintiff believes to be a summary of the Plan is attached hereto as Exhibit 1. The Plan is an employee benefit plan within the meaning of ERISA.

8. Plaintiff received long-term disability benefits through the Alcoa Plan for 24 months from the onset of his disability.

9. The Plan provides that an employee is entitled to long-term disability benefits if, "[a]fter the first 24 months from the onset of your disability, you cannot perform each of the material duties of any gainful occupation for which you are reasonably suited by training, education, or experience."

10. On August 22, 2005, the Defendant, through its claims administrator, Broadspire, terminated Plaintiff's coverage as of August 5, 2005. See Exhibit 2.

11. A timely appeal was filed, which included a letter from Plaintiff's treating orthopedist indicating that Plaintiff was "totally disabled and is unable to do any type of work at the present time." See Exhibit 3.

12. On January 11, 2006, Plaintiff's claim for further long-term disability benefits was denied. See Exhibit 4.

13. A request for reconsideration/appeal was filed by Plaintiff on January 23, 2006, along with additional medical records.  See Exhibit 5.

14. The appeal was denied by the Alcoa Benefit Appeals Committee on April 27, 2006.  See Exhibit 6.

15. Plaintiff has exhausted his claims procedure available to him under the Plan, see Exhibit E, and, pursuant to the Plan and Section 502(a) of ERISA, files this action.

16. Pursuant to the terms of the plan, Plaintiff filed an application for Social Security disability benefits, which was approved in a Bench Decision issued during the hearing.

17. Plaintiff has complied with all of his obligations under the Plan, and avers that he is disabled within the meaning of Plan.

### Count One
### ERISA-Enforcement of Benefits Pursuant to 29 U.S.C. § 1132

18. The Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 17 above, as if the same were fully set forth at length.

19. The insurance policy at issue described herein is part of an employee benefit plan within the meaning of ERISA.

20. The Defendant failed to pay benefits due under the terms of the policy.

21. The Plaintiff is entitled to short term and long term disability benefits under the policy.

22. The Defendant acted in a willful and wanton manner disregarding the health of the Plaintiff in denying his claim for disability benefits.

23. The Defendant acted in an arbitrary and capricious manner in denying the claim of the Plaintiff for disability benefits.

**WHEREFORE,** the Plaintiff, Brian Russell, respectfully requests that this Court grant the following relief:

 (a) All benefits due and owing to the Plaintiff under the policy, plus interest;

 (b) Punitive damages;

 (c) Reasonable attorneys' fees and costs; and

 (d) Such other and further relief as this Honorable Court determines to be just and appropriate.

## Count Two
## Breach of Contract

24. The Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 23 above, as if the same were fully set forth at length.

25. The conduct described above constitutes a breach by the Defendant of the contract with the Plaintiff to pay long-term disability benefits.

26. As a direct result of the Defendant's breach of the contract, Plaintiff has suffered pecuniary damages equal to the benefits which the Defendant should have paid, together with interest, costs and attorney's fees.

**WHEREFORE,** the Plaintiff, Brian Russell, respectfully requests that this Court grant the following relief:

 (a) All benefits due and owing to the Plaintiff under the policy, plus interest;

 (b) Reasonable attorneys' fees and costs; and

(c) Such other and further relief as this Honorable Court determines to be just and appropriate.

Date: July 20, 2006

s/ Stephen D. Rhoades
LAW OFFICES OF EDWARD P. MCNELIS
Stephen D. Rhoades, Esquire
Attorney ID 70002
21 East Broad Street
Hazleton, PA 18201
(570) 455-6335